IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. JFM-02-0201 |
| | * | Civil No. JFM-07-2985 |
| | * | |
| JAMES WILKES | * | |
| | ***** | |

MEMORANDUM

James Wilkes has filed a motion under 28 U.S.C. §2255.  The motion is without merit. The arguments made by Wilkes need be only summarily addressed.

1. Alleged Invalidity of Enhanced Sentence Under the Armed Career Criminal Act.

Under the law a sentence may be enhanced based upon a prior conviction without a jury having made a factual determination that the prior conviction exists.  *See United States v. Cheek*, 415 F.3d 349 (4th Cir. 2005).  Therefore, Wilkes' constitutional rights were not violated by this court's imposition of an enhanced sentence under the Armed Career Criminal Act.  *Ipso facto*, Wilkes' counsel was not ineffective in failing to argue that the enhanced sentence was unconstitutional.

2. Alleged Invalidity of the Search at 921 North Carrollton.

The record establishes that Yvonne Shorts, Wilkes' girlfriend who was living at 921 North Carrollton, consented to the search of her apartment.  Wilkes claims that nevertheless the Supreme Court's decision in *Georgia v. Randolph*, 547 U.S. 103 (2006) made the search invalid. This argument is unavailing because (1) *Randolph* had not been decided at the time Wilkes was convicted, and (2) unlike the defendant in *Randolph*, Wilkes did not object to the search before it was conducted.  Again, because the search was not invalid, Wilkes' counsel was not ineffective

in anticipating the Supreme Court's decision in *Randolph* and putting Wilkes on the stand to testify that he has not consented to the search.

      3.  <u>Alleged Violation of the Fifth Amendment</u>.

Wilkes alleges that his counsel was ineffective in not calling him to the stand to testify that he told police officers during the search of 921 North Carrollton that the gun that had been found during the search was not his and that he made this statement in response to interrogation while he was in custody.  As far as the substance of the statement is concerned, it simply confirms the testimony of the three officers who were present at North Carrollton and who testified on behalf of the government.  They too said that Wilkes told them that the gun belonged to someone else.  As to Wilkes' claim that the statement was elicited by interrogation while he was in custody, his counsel made a sound tactical decision not to put him on the stand to so testify.  His testimony would have contradicted the testimony of three officers (whom this court found to be credible when their testimony about what Ms. Shorts told them was challenged).  In any event, Wilkes' possession of the firearm was corroborated by the testimony of Sean Chance, another government witness who testified at length about the criminal activity in which Wilkes was involved.

A separate order denying Wilkes' motion is being entered herewith.


Date: August 26, 2008          ___/s/_____
                                         J. Frederick Motz
                                         United States District Judge